No. 478

First Circuit

---

## NUNEZ v. DAY ET AL.

---

(December 3, 1929. Opinion and Decree.)

---

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellee.

S. W. Provensal, of Slidell, attorney for defendant, appellant.

LECHE, J. The plaintiff who is a building contractor, agreed to repair a certain house situated in Slidell, Parish of St. Tammany. The agreement was made by him with a man named Staples, who was a prospective tenant for the property. Staples received his authority to enter into the alleged agreement from H. T. Day, who it appears, was acting for himself or as agent of Miss Hattie M. Day, his sister. Plaintiff at the time he entered into the agreement, did not know whether the house belonged to Mr. Day, to Miss Day or to both of them jointly. The Days had leased the property to Staples who at the time, was managing some business for the Salmen Lumber Company. Staples had agreed to the lease provided certain repairs were made, such repairs to be made under his supervision. The contract by plaintiff with Staples was undoubtedly made with the authority of the Days who were bound to know of its existence although they deny such authority in their answer.

It further appears beyond doubt that the work was done by plaintiff and that the defendants failed to pay him although they are enjoying the benefit of his work.

In the consideration of the case before this court, the only debatable question is the amount of compensation which plaintiff is entitled to recover from the defendants. Unfortunately, Staples who made the contract with plaintiff was not produced as a witness when the case was tried in the district court. But it appears that the total cost of the repairs made by Nunez amounted to $1717.38, that Staples had agreed to compensate Nunez at the rate of ten per cent of such cost, or $171.73, that plaintiff further paid out of his own pocket, some extra labor amounting to $4.20, and that to preserve his privilege he had to pay a recorder's fee of $1, making his claim thus altogether amount to one hundred and seventy-six 93-100 dollars.

It is hardly believable that defendants who reside, we understand, in the same town, who saw this work being done on their own property, should ignore by whose authority it was being performed. Nunez testifies positively and clearly as to what were the terms of the contract, and it is not surprising that defendants should contest the amount of his claim, after denying that the work was done with their authority. The district judge believed that Nunez testified to the truth and so do we.

The judgment of the district court was in favor of plaintiff for the full amount claimed and it is hereby affirmed.